**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

BESPOKE LLC,

               Plaintiff,

  v.

GARTH PIESSE,

               Defendant.

Case No. 17-cv-2080-JTM-JVM

**[JURY TRIAL DEMANDED]**

**DEFENDANT GARTH PIESSE'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(2) FOR LACK OF PERSONAL JURISDICTION AND 12(B)(6) FOR FAILURE TO STATE A CLAIM**

## **TABLE OF CONTENTS**

                                                                                                                                **Page**

I.     INTRODUCTION AND SUMMARY OF THE ARGUMENT ....................................... 1

II.    FACTUAL BACKGROUND ................................................................................................ 2

III.   ARGUMENT ............................................................................................................................ 3

        A.     This Court Lacks Personal Jurisdiction Over Mr. Piesse ....................................... 3

                1.     General Jurisdiction Cannot Be Established Over Mr. Piesse .................... 6

                2.     This Court Lacks Specific Personal Jurisdiction Over Mr. Piesse ............. 7

        B.     The Complaint Should Also Be Dismissed for Failure to State A Claim
               Under the ACPA ................................................................................................... 8

IV.   CONCLUSION ....................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Academy of Motion Picture Arts and Sciences v. GoDaddy.com, Inc.*,
  No. 13-cv-8458-ABC (CW), 2015 WL 5311085 (C.D. Cal. Sept. 10, 2015) ..........................9

*AirFX.com v. AirFX, LLC*,
  No. CV 11-01064-PHX-FJM, 2013 WL 857976 (D. Ariz. Mar. 7, 2013) ..............................10

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985)..............................................................................................................5

*Carpenter v. MySchool.com*,
  1:15-cv-00212-JFA (E.D. Va. Oct. 26, 2015)......................................................................10

*D.J. Investments v. Metzele Motorcycle Tire Agent Gregg, Inc.*,
  754 F.2d 542 (5th Cir. 1985) ................................................................................................5

*Daimler AG v. Bauman*,
  134 S. Ct. 746 (2014).......................................................................................................5, 6

*Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*,
  514 F.3d 1063 (10th Cir. 2008) ...........................................................................................4

*Eclipse Group LLP v. Fortune Manufacturing Co.*,
  No. 14CV0441-GPC-WVG, 2014 WL 6907897 (S.D. Cal. Dec. 8, 2014) ..............................4

*Ford v. Mentor Worldwide, LLC*,
  2 F. Supp. 3d 898 (E.D. La. 2014)........................................................................................5

*Gonzalez v. Fresenius*,
  689 F.3d 470 (5th Cir, 2012) ................................................................................................1

*GoPets Ltd. v. Hise*,
  657 F.3d 1024 (9th Cir. 2011) .....................................................................................10, 11

*Gore v. Experian Informaion Solutions, Inc.*,
  2004 WL 2008520, No. Civ. 3:04-CV-1069-H (N.D. Tex. Sept. 8, 2004) ..............................4

*Gundle Lining Construction Corp. v. Adams County Asphalt, Inc.*,
  85 F.3d 201 (5th Cir. 1996) .................................................................................................5

*Hale v. Evidencia Display*,
  No. SACV 15-0538, 2015 WL 4624881 (C.D. Cal. Aug. 3, 2015).........................................4

*Holt Oil & Gas Corp. v. Harvey*,
    801 F.2d 773 (5th Cir. 1986) ..................................................................................1, 7

*Johnston v. Multidata Systems International Corp.*,
    523 F.3d 602 (5th Cir. 2008) ..................................................................................4, 5

*Moncrief Oil International Inc. v. OAO Gazprom*,
    481 F.3d 309 (5th Cir. 2007) .......................................................................................4

*Monistere v. Losauro*,
    2013 U.S. Dist. LEXIS 171608 (E.D. La. Dec. 4, 2013) ........................................ 6-7

*Monkton Insurance Services, Ltd. v. Ritter*,
    768 F.3d 429 (5th Cir. 2014) .......................................................................................8

*Paddock v. Thurber*,
    2016 U.S. Dist. LEXIS 150408 (M.D. La. Oct. 31, 2016) .........................................5

*Panda Brandywine Corp. v. Potomac Electric Power*,
    253 F.3d 865 (5th Cir. 2001) .......................................................................................4

*Southern Company v. Dauben Inc.*,
    324 F. App'x 309 (5th Cir. 2009) ................................................................................9

*Stuart v. Spademan*,
    772 F.2d 1185 (5th Cir. 1985) .....................................................................................4

*Terrebonne v. B & J Martin, Inc.*,
    No. CV 16-8630, 2017 WL 1037440 (E.D. La. Mar. 17, 2017)..................................1

*Ultimate Living International, Inc. v. Miracle Greens Supplements, Inc.*,
    No. 3:05-CV-1745-M, 2007 WL 14258 (N.D. Tex. Jan. 3, 2007) ...........................10

*Wagner v. lindawagner.com*,
    202 F. Supp. 3d 574 (E.D. Va. 2016) ...................................................................9, 10

*Walk Haydel & Associates, Inc. v. Coastal Power Production Co.*,
    517 F.3d 235 (5th Cir. 2008) .......................................................................................4

**Statutes**

15 U.S.C. § 1125............................................................................................................ *passim*

28 U.S.C. § 1927..................................................................................................................1

**Other Authorities**

106 Cong. Rec. S10517 .......................................................................................................9

106 Cong. Rec. S10518 ......................................................................................................... 9

Fed. R. Civ. P. 4 .................................................................................................................. 4

Fed. R. Civ. P. 11 ................................................................................................................ 1

Fed. R. Civ. P. 12(b) ............................................................................................... 1, 2, 8, 11

I.      **INTRODUCTION AND SUMMARY OF THE ARGUMENT**

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), Defendant Garth Piesse respectfully moves to dismiss the Anticybersquatting Consumer Protection Act ("ACPA") claims brought by Bespoke LLC ("Plaintiff") because: (i) the Court lacks personal jurisdiction over Mr. Piesse; and (ii) there is no plausible basis for a claim that Mr. Piesse's registration and use of the bespoke.com domain name violates the ACPA.[1]

With respect to personal jurisdiction, Mr. Piesse simply has no contacts—minimum or otherwise—with Louisiana.  Mr. Piesse is a resident of New Zealand and, in fact, ***has never set foot in the state of Louisiana***. Moreover, Mr. Piesse has not engaged in any activities directed to Louisiana—and he registered the bespoke.com domain name from his home in New Zealand. Plaintiff's barebones Complaint confirms these fatal jurisdictional deficiencies.  Indeed, the primary basis for Plaintiff's allegation of personal jurisdiction is ***an email exchange initiated by Plaintiff through a third-party sales broker's purchase inquiry system***.  Compl. ¶ 16.  As the Fifth Circuit has repeatedly recognized, such "fortuitous or attenuated" contacts cannot form the basis for a claim of personal jurisdiction.  *See, e.g.*, *Holt Oil & Gas Corp. v. Harvey,* 801 F.2d 773, 778 (5th Cir. 1986) (quotation marks omitted).  Accordingly, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

The Complaint should also be dismissed under Fed. R. Civ. P. 12(b)(6) for failing to state a valid claim under the Anticybersquatting Consumer Protection Act ("ACPA").   To state an

---

[1] Defendant regrets having to burden the Court with a case that is so clearly vexatious.  On April 20, 2017, Defendant's counsel sent a letter to Plaintiff's counsel detailing both the lack of jurisdiction over Defendant and the legal fallacy of Plaintiff's ACPA claim.  Plaintiff's continued pursuit of its claims is objectively unreasonable and could merit sanctions under either 28 U.S.C. § 1927 or Fed. R. Civ. P. 11.  *See Gonzalez v. Fresenius,* 689 F.3d, 470, 479–80 (5th Cir. 2012) (recognizing that "reckless disregard of the duty owed to the court" can suffice to establish an "improper purpose"); *Terrebonne v. B & J Martin, Inc.*, No. CV 16-8630, 2017 WL 1037440, at *2 (E.D. La. Mar. 17, 2017) (recognizing Court's inherent power to impose sanctions for litigation misconduct) (citing *Positive Software Sols., Inc. v. New Century Mortg. Corp.,* 619 F.3d 458, 460 (5th Cir. 2010), *aff'd sub nom. Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)).

ACPA claim, a plaintiff must allege a "bad faith intent" to profit from the plaintiff's mark. 15 U.S.C. § 1125(d)(1)(A)(i). It is axiomatic that such "bad faith intent" does not exist when the defendant was not even aware of the plaintiff's alleged trademark rights before registering the domain name at issue. Those are exactly the facts present here—Plaintiff does not—and cannot—allege that Mr. Piesse, a New Zealand resident, was aware of Plaintiff's U.S. trademark at the time he acquired the bespoke.com domain name in 2014. Plaintiff cannot plausibly plead an ACPA claim, and its Complaint should be dismissed for this additional reason.

For all these reasons, Mr. Piesse respectfully requests that the Court dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6).

## II.    FACTUAL BACKGROUND

Mr. Piesse is an independent businessman and resident of New Zealand. Declaration of Garth Piesse ("Piesse Decl.") ¶ 1, attached hereto as Exhibit A. Mr. Piesse has been domiciled in New Zealand since birth. *Id*. ¶ 2. Mr. Piesse has no contact with—and no presence in the state of Louisiana. *Id.* ¶ 3. In particular, Mr. Piesse has not:

- Travelled to the state of Louisiana (*id.* ¶ 4);
- Actively conducted business with anyone in Louisiana (*id.*); or
- Regularly communicated with anyone in Louisiana (*id.*).

Simply stated, Mr. Piesse has no contacts—much less "minimum" contacts—with the state of Louisiana.

In May 2014, as part of his regular business activities, Mr. Piesse purchased the bespoke.com domain name for $18,800.00 at a public auction for expired domain names conducted on the Internet by Denver, Colorado based DropCatch.com. *Id.* ¶ 5. Mr. Piesse made the purchase from his domicile in New Zealand due to the connotation of the plain English word

2

"bespoke" and the inherent value of such generic domain names. *Id.* ¶ 6. At the time that he purchased the domain name via the public auction, Mr. Piesse was not aware of the existence of Plaintiff or of any trademark rights purportedly owned by Plaintiff. *Id.* ¶ 7. In fact, Plaintiff's purported trademark rights in BESPOKE were not issued by the U.S. Patent and Trademark Office until November 10, 2015—a year and six months *after* Mr. Piesse's registration of the domain name. *See* Exhibit B.

This is not the first instance where Mr. Piesse has faced—and ultimately prevailed on—a dispute related to the bespoke.com domain name. In *Bespoke Services Group S.A. v. Garth Piesse*, a Swiss company, Bespoke Services Group S.A., accused Mr. Piesse of violating its rights in a BESPOKE trademark when he registered the bespoke.com domain name. D2014-1533 (WIPO Nov. 5, 2014), attached hereto as Exhibit C. A panel under ICANN's Uniform Domain-Name Dispute-Resolution Policy ("UDRP") recognized that common English words like "bespoke" are subject to registration on a "first come, first served basis" unless they specifically target a mark distinctively associated with a particular party. Because there was no evidence that Mr. Piesse specifically targeted the complainant when registering the plain English term bespoke.com, the panel denied the complaint.

Similarly, under these circumstances and as explained below, Plaintiff cannot establish a claim under the ACPA. Moreover, this Court lacks personal jurisdiction over Mr. Piesse. For either of these reasons, the Complaint must be dismissed.

### III. ARGUMENT

#### A. This Court Lacks Personal Jurisdiction Over Mr. Piesse

As explained in detail below, Plaintiff has not established a *prima facie* case of: (1) general personal jurisdiction or (2) specific personal jurisdiction over Mr. Piesse. Accordingly,

its Complaint should be dismissed.[2]

Due process[3] permits the exercise of personal jurisdiction over a non-resident defendant when (1) the defendant has "minimum contacts" with the forum state and (2) the exercise of jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Johnston v. Multidata Sys. Int'l. Corp.,* 523 F.3d 602, 609 (5th Cir. 2008) (citation omitted). If the Court finds that no minimum contacts exist, it need not consider the second prong of the test. *Moncrief Oil Int'l Inc. v. OAO Gazprom,* 481 F.3d 309, 314–15 (5th Cir. 2007).

To avoid dismissal, a plaintiff bears two burdens. First, it must ***plead specific facts*** that support the exercise of personal jurisdiction. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.,* 514 F.3d 1063, 1070 (10th Cir. 2008); *see also Gore v. Experian Info. Sols., Inc.,* 2004 WL 2008520, No. Civ. 3:04-CV-1069-H, at *2 (N.D. Tex. Sept. 8, 2004). The Court is not obligated to credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power,* 253 F.3d 865, 868 (5th Cir. 2001). The plaintiff then bears the burden of ***proving facts*** sufficient to support jurisdiction. *Stuart v. Spademan,* 772 F.2d 1185, 1192 (5th Cir. 1985). Plaintiff has not and cannot meet either burden in relation to Mr. Piesse.

There are two categories of personal jurisdiction: general and specific. "Where a

---

[2] As a threshold matter before the Court even reaches the question of personal jurisdiction, Plaintiff has failed to properly serve Mr. Piesse. *See* Fed. R. Civ. P. 4(m) (requiring dismissal or specific deadline if service not properly completed). On March 14, 2017, Plaintiff asked the Clerk to issue a summons by Certified Mail, and on June 16, 2017, Plaintiff submitted an updated request. *See* ECF Nos. 3, 7. Plaintiff never sought nor received permission from the Court to use an alternate method of service. Rather, Plaintiff relied on Fed. R. Civ. P. 4(f)(2)(C)(ii), which permits service on an individual in a foreign country using a form of mail "that requires a signed receipt." *See* ECF No. 3 at 2; Fed. R. Civ. P. 4(f)(2)(C)(ii). Plaintiff has not submitted a signed receipt or any other evidence of proper service upon Mr. Piesse, rendering service of process invalid. *See, e.g.*, *Hale v. Evidencia Display*, No. SACV 15-0538 DOC (RNBx), 2015 WL 4624881, at *3 (C.D. Cal. Aug. 3, 2015) (service improper where affidavit only showed that documents were mailed, not received); *Eclipse Grp. LLP v. Fortune Mfg. Co.*, No. 14CV0441-GPC-WVG, 2014 WL 6907897, at *2–*3 (S.D. Cal. Dec. 8, 2014) (receipt with stamp from building insufficient to demonstrate service on defendant). For this reason alone, the Court should dismiss the complaint.

[3] Because the Louisiana long arm-statute authorizes the exercise of personal jurisdiction to the full extent of the Due Process Clause, the sole inquiry is whether the assertion of personal jurisdiction over a defendant comports with federal constitutional requirements. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.,* 517 F.3d 235, 242-43 (5th Cir. 2008).

4

defendant has 'continuous and systematic general business contacts' with the forum state, the court may exercise 'general jurisdiction' over any action brought against the defendant." *Paddock v. Thurber*, 2016 U.S. Dist. LEXIS 150408, at *6–7 (M.D. La. Oct. 31, 2016) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). "The Fifth Circuit has characterized the 'continuous and systematic contacts' test as a 'difficult one to meet.'" *Ford v. Mentor Worldwide, LLC*, 2 F. Supp. 3d 898, 903–04 (E.D. La. 2014) (quoting *Johnston*, 523 F.3d at 609 (5th Cir. 2008)). "[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there. 'For an individual, the paradigm forum for the ***exercise of general jurisdiction is the individual's domicile***[.]'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) (emphasis added) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)).

A court may exercise specific jurisdiction over a non-resident defendant when: (1) the defendant had "minimum contacts" and purposely availed itself of a forum state by conducting activities there; (2) the cause of action arises out the defendant's contact with the forum state; and (3) the exercise of personal jurisdiction is fair and reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n.15 (1985) (examining whether the defendant purposely availed himself of the privilege of conducting activities in the forum state and whether the cause of action arose out of or was related to those activities); *D.J. Invs. v. Metzele Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 547–48 (5th Cir. 1985); *Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996). The "purposeful availment" requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or third person.'" *Burger King Corp.*, 471 U.S. at 475 (internal quotations omitted). The contacts with

the forum state must be such that "it is foreseeable that the defendant 'should reasonably anticipate being haled into court there.'" *Id.* As shown below, Plaintiff cannot establish either general or specific personal jurisdiction over Mr. Piesse.

1. General Jurisdiction Cannot Be Established Over Mr. Piesse

Plaintiff's Complaint fails to allege facts that would allow this Court to exercise general personal jurisdiction over Mr. Piesse. Mr. Piesse is domiciled in New Zealand, has no presence in Louisiana, and has never even travelled to Louisiana. Piesse Decl. ¶¶ 2-4. Mr. Piesse also does not actively conduct business with anyone in Louisiana, nor does he even regularly communicate with anyone in Louisiana. *Id.* ¶ 4. Simply stated, Mr. Piesse is not domiciled or "at home" in Louisiana. Thus, general personal jurisdiction cannot be established over Mr. Piesse. *See Daimler*, 134 S. Ct. at 760.

Perhaps recognizing these deficiencies, Plaintiff's Complaint only contains a single allegation relating to general jurisdiction. Specifically, Plaintiff alleges that Mr. Piesse is an alleged "serial 'cybersquatter' whose pattern of such conduct in regard to this domain name and other domain names includes sufficient contacts with this forum to establish general personal jurisdiction." Compl. ¶ 3. This allegation reflects a fundamental misunderstanding of the ACPA, as discussed below, and is facially insufficient to support general jurisdiction for at least two independent reasons.

*First*, Plaintiff's allegation does not comport with the controlling legal standard—it does not plead **any** facts attempting to show that Mr. Piesse is "at home" in Louisiana. *Daimler*, 134 S. Ct. at 760. This alone is fatal to Plaintiff's claim and mandates dismissal. *Second*, Plaintiff does not even allege that Mr. Piesse has "continuous and systematic" contacts **with the forum state**—instead, it makes a vague, conclusory allegation without even trying to link the allegation to Louisiana. *Monistere v. Losauro*, 2013 U.S. Dist. LEXIS 171608, at *8-9 (E.D. La. Dec. 4,

2013) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)). Plaintiff's allegation does not come close to meeting the "difficult" bar of establishing general jurisdiction.

Because Mr. Piesse is not "at home" in Louisiana, the Court cannot exercise general personal jurisdiction over Mr. Piesse.

2. This Court Lacks Specific Personal Jurisdiction Over Mr. Piesse

Plaintiff's specific jurisdiction allegations also fail because they are directly contrary to Fifth Circuit law. Indeed, the sole basis for Plaintiff's claim that Mr. Piesse has "minimum contacts" and "purposefully availed" himself of the forum is that Mr. Piesse engaged in email communications *initiated by Plaintiff* through a third-party sales broker's purchase inquiry system. Piesse Decl. ¶¶ 8-10. Plaintiff includes an email communication from a third-party sales broker in Paragraph 16 of the Complaint to misleadingly suggest that it was Mr. Piesse who initiated this communication. To the contrary, it was Plaintiff who contacted the sales broker in 2014 to request a sales quote for the bespoke.com domain name and who specifically asked to be contacted if the domain name should "free[] up" from the prior ICANN dispute. Piesse Decl. ¶¶ 8-10.

This fortuitous, attenuated contact falls far short of the Fifth Circuit's standard for minimum contacts. Even where parties have entered into a contract, the Fifth Circuit has found that the "minimum contacts" test was not satisfied where there was no performance in the jurisdiction and the defendant's only contacts with the forum state occurred due to "the mere fortuity that [plaintiff] happens to be a resident of the forum." *See, e.g.*, *Holt*, 801 F.2d at 778 (citation omitted). Thus, the Court cannot find that Mr. Piesse purposefully availed himself of the benefits of doing business in Louisiana. *See Jones v. Petty–Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1068 (5th Cir. 1992) (engaging in activities related to a contract, but not

7

actual performance of the contract, insufficient to constitute minimum contacts). Because the first prong of the specific jurisdiction test is not satisfied, Plaintiff cannot establish specific personal jurisdiction over Mr. Piesse. *See Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 433 (5th Cir. 2014).

For all these reasons, the Court lacks specific and general jurisdiction over Mr. Piesse, and the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

### B. The Complaint Should Also Be Dismissed for Failure to State A Claim Under the ACPA

Plaintiff's complaint reflects either a misunderstanding of the ACPA or an intentional misuse of a claim under the ACPA as a means for seeking to acquire the bespoke.com domain name for a lower price. The ACPA creates a cause of action for cybersquatting:

> **(d) Cyberpiracy prevention**
>
> **(1)(A)** A person shall be liable in a civil action by the owner of a mark, including a personal name which is protected as a mark under this section, if, without regard to the goods or services of the parties, that person--
>
> > **(i)** has a bad faith intent to profit from that mark, including a personal name which is protected as a mark under this section; and
> >
> > **(ii)** registers, traffics in, or uses a domain name that--
> >
> > > **(I)** in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark;
> > >
> > > **(II)** in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark; or
> > >
> > > **(III)** is a trademark, word, or name protected by reason of section 706 of Title 18 or section 220506 of Title 36.

15 U.S.C. § 1125. To prevail on its ACPA claim, a plaintiff must show: (1) registration of a domain name, (2) that was identical or confusingly similar to a mark that was distinctive *at the*

8

*time of registration,* and (3) bad faith intent at the time of registration. *S. Co. v. Dauben Inc.*, 324 F. App'x 309, 314 (5th Cir. 2009) (quoting 15 U.S.C. § 1125); *see also Wagner v. lindawagner.com*, 202 F. Supp. 3d 574, 579 (E.D. Va. 2016). The complaint fails to state a claim for cybersquatting under the ACPA because the Complaint does not allege facts to support one of the key elements of the cause of action: bad faith intent to profit off Plaintiff's mark. 15 U.S.C. § 1125(d)(1)(A)(i) ("A person shall be liable in a civil action by the owner of a mark . . . if . . . that person has a bad faith intent to profit from that mark . . . .").

The ACPA was passed into law in 1999 to address the serious problem of cybersquatting, which is the registration, trafficking in, or use of a domain name with a specific bad faith intent to profit from a trademark that is identical or confusingly similar to the domain name. The ACPA was developed to address "'cybersquatters' or 'cyberpirates,' who abuse the rights of trademark holders by purposely and maliciously registering as a domain name the trademark name of another company to divert and confuse customers" (106 Cong. Rec. S10517).

The ACPA does not provide Plaintiff with the ability to simply take the bespoke.com domain name from Mr. Piesse because Plaintiff does not like Mr. Piesse's quoted sale price. Rather, the ACPA includes a requirement of specific bad faith intent to profit from another party's trademark:

> "Good faith, innocent or negligent uses of a domain name that is identical or confusingly similar to another's mark or dilutive of a famous mark **are not covered by the legislation's prohibition**. Thus, registering a domain name while unaware that the name is another's trademark would not be actionable." 106 Cong. Rec. S10518.

Under the ACPA, Plaintiff must allege a "*bad faith* intent to profit off of [Plaintiff's] *specific marks*" "BESPOKE" and "BESPOKE EXPERIENCE," and cannot rely on a "generalized intent to profit." *Acad. of Motion Picture Arts and Scis. v. GoDaddy.com, Inc.*, No.

9

13-cv-8458-ABC (CW), 2015 WL 5311085, at *51-52 (C.D. Cal. Sept. 10, 2015) (emphasis in original). Such a bad faith intent requires that Mr. Piesse knew of Plaintiff's alleged BESPOKE trademark at the time he registered the bespoke.com domain name and registered bespoke.com for the purpose of profiting from Plaintiff's trademark. *Wagner*, 202 F. Supp. 3d at 582 (finding that "it is impossible to infer that [the registrant] acted with intent to harm the goodwill associated with a purported mark of which it was unaware"); *Ultimate Living Int'l, Inc. v. Miracle Greens Supplements, Inc.*, No. 3:05-CV-1745-M, 2007 WL 14258, at *7 (N.D. Tex. Jan. 3, 2007) ("To prevail, Ultimate Living must show that Ortiz learned of the Green Miracle mark before adopting the domain name."); Tr. of Proc. at 66-67, *Carpenter v. MySchool.com*, 1:15-cv-00212-JFA [Doc. 187] (E.D. Va. Oct. 26, 2015) ("at the time of the registration [of the domain name], the plaintiff had failed to present sufficient evidence [to] support a finding of bad faith of intent to profit from the plaintiff's mark").

Plaintiff has made no allegation that Mr. Piesse, a New Zealand resident, was aware of Plaintiff's U.S. trademark at the time he purchased the bespoke.com domain name at a public auction in 2014.[4] *See* Compl. ¶ 14. In fact, the only suggestion in the Complaint that Mr. Piesse was even aware Plaintiff existed came when Plaintiff reached out to Mr. Piesse in an attempt to purchase the domain. *See* Piesse Decl. ¶¶ 8-10. Without any allegation that Mr. Piesse was aware of Plaintiff's alleged BESPOKE trademark at the time he registered bespoke.com, Plaintiff cannot plausibly claim that Mr. Piesse had a bad faith intent to profit off Plaintiff's mark at the time he registered bespoke.com. *See Ultimate Living*, 2007 WL 14258, at *7.[5] Nor could

---

[4] Nor could Plaintiff credibly make such an allegation, as the term "bespoke" is a common English word, potentially descriptive of any number of businesses. *See* Ex. C.

[5] Plaintiff suggests that the act of re-registering the domain name can give rise to a cybersquatting violation. Compl. ¶ 20. The Ninth Circuit has ruled to the contrary. *See GoPets Ltd. v. Hise*, 657 F.3d 1024, 1032 (9th Cir. 2011); *see also AirFX.com v. AirFX, LLC*, No. CV 11-01064-PHX-FJM, 2013 WL 857976, at *2 (D. Ariz. Mar. 7, 2013) (explaining that *GoPets* "made it clear that a company's re-registration of a domain name that was first registered

Plaintiff make such an allegation given the plain English connotation of the word "bespoke," the circumstances surrounding Mr. Piesse's purchase of the domain name for a significant sum at a public action, and the fact that Mr. Piesse's registration of the domain name occurred before the issuance of Plaintiff's U.S. trademark registration.  Piesse Decl. ¶¶ 5-7.  And, without an allegation that Mr. Piesse knew about Plaintiff's trademark and registered the domain name with specific bad faith intent to profit from Plaintiff's trademark, Plaintiff has not stated a claim for cybersquatting under the ACPA.  *See GoPets*, 657 F.3d at 1030.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) and the Court should grant Defendant such further relief as it deems just and proper.

Respectfully submitted,

*/s/ Thomas J. McGoey II*
Thomas J. McGoey II, T.A. (Bar No. 18330)
Philip R. Dore (Bar No. 34524)
**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108

*Local Counsel for Defendant Mr. Garth Piesse*

---

'long before [trademark owner] registered its service mark' did not violate the ACPA, because the re-registration 'was not a registration within the meaning of § 1125(d)(1)'").  Even if Plaintiff's interpretation of the ACPA were accurate, Plaintiff has not stated a cognizable claim because Mr. Piesse re-registered the domain months before the alleged communications between the parties and without a specific bad faith intent to profit.  *See* Compl. ¶¶ 14, 16.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of July, 2017, a copy of the foregoing pleading was served on all counsel of record via the Court's electronic filing system.

/s/ Thomas J. McGoey II